## CONTINUATION

I, Zachary Eitrem, declare the following under penalty of perjury:

**INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT**

1. The facts of this case, as more fully detailed below, reveal that Genaro RUIZ-Chavez, a native and citizen of Mexico, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

2. I am familiar with the information contained in this continuation based upon the investigation I have conducted and based on information provided to me by other law enforcement officers. The facts in this continuation come from my personal observations, training, experience, and information obtained from other agents and witnesses. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General to reapply for admission. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

4. I, Border Patrol Agent (BPA) Zachary Eitrem, I am a United States Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since January 25, 2016. Currently,

I am assigned to the Sault Ste. Marie Border Patrol Station. As part of my duties as a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, including violations pertaining reentry of removed aliens, in violation of U.S.C. § 1326(a) Reentry of Removed Aliens. I graduated from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

5. This continuation contains information necessary to support a finding of probable cause to charge RUIZ-Chavez with a violation of 8 U.S.C. 1326(a), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, or is at any time found in, the United States.

6. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol agents and records checks of law enforcement databases. I have reviewed the official immigration file relating to Genaro RUIZ-Chavez, which attests to the following.

## FACTS ESTABLISHING PROBABLE CAUSE

7. On July 23, 2002, RUIZ-Chavez was ordered removed from the United States by an Immigration Judge in New, Orleans, LA. RUIZ-Chavez was removed via the Brownsville, TX Port of Entry on August 12, 2002.

8. On June 13, 2005, RUIZ-Chavez was arrested in Laredo, TX by an immigration official for a violation of 8 U.S.C. § 1326(a). RUIZ-Chavez was deported from the United States via the Laredo Port of Entry on June 15, 2005.

9. On August 5, 2006, RUIZ-Chavez was arrested in Falfurrias, TX by an

immigration official for a violation of 8 U.S.C. § 1326(a). RUIZ-Chavez was deported from the United States via the Hidalgo Port of Entry on August 6, 2006.

10.     On January 31, 2025, RUIZ-Chavez was stopped by Michigan State Police. He was operating a motor vehicle with an expired registration, which was the reason he was stopped. MSP troopers contacted U.S. Border Patrol Sault Ste. Marie Station to assist with translation services and foreign document identification.

11.     Border Patrol Agent Zachary Goodreau arrived on scene just north of the Mackinac Bridge in St. Ignace, Michigan. BPA Goodreau arrived on scene where MSP had RUIZ-Chavez detained roadside. MSP had RUIZ-Chavez detained because neither occupant of the vehicle had a valid driver's license to operate on a public road. BPA Goodreau identified himself as a United States Border Patrol Agent and questioned RUIZ-Chavez as to his immigration status. RUIZ-Chavez admitted to being a Mexican citizen and to having unlawfully entered the United States. RUIZ-Chavez was arrested for violation of 8 U.S.C. § 1326(a) and transported to the Sault Ste. Marie, MI Border Patrol Station for further processing.

12.     After arriving back at the Sault Ste. Marie Border Patrol Station, I read and gave RUIZ-Chavez a form waiving his *Miranda* rights. The form was in Spanish and his rights were read to him in Spanish. RUIZ-Chavez advised he understood his rights and was willing to talk without a lawyer present. RUIZ-Chavez admitted he had reentered the United States after he was deported through the river in Del Rio, Texas in approximately 2006. RUIZ-Chavez admitted that he knew he was crossing into the United States illegally to avoid detection. RUIZ-Chavez speaks Spanish and some

English, and our conversation was in both languages.

13. RUIZ-Chavez was fingerprinted and photographed and these were entered in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results confirmed the identity of Genaro RUIZ-Chavez and that he is a citizen of Mexico who has been previously removed from the United States. The record checks did not provide any evidence that RUIZ-Chavez legally entered the United States or had been issued any legal immigration document to allow him to enter or remain in the United States.

14. Review of the alien file for RUIZ-Chavez and queries in U.S. Border Patrol computer databases confirm no record exists of RUIZ-Chavez obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States following his last removal.

## CONCLUSION

15. Based on my training and experience as a Border Patrol Agent and the information contained in this continuation, there is probable cause to believe that Genaro RUIZ-Chavez reentered the United States after removal without the permission of the Attorney General or Secretary of Homeland Security, in violation of U.S.C. § 1326(a), which makes it a crime to reenter the country following removal without permission of the Attorney General.